**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**VINCENT LOMAX,**

    **Plaintiff,**

    v.

**CITY OF PITTSBURG, KANSAS, ET AL.,**

    **Defendants.**

Case No. 16-CV-2738-JAR-TJJ

**MEMORANDUM AND ORDER**

On October 28, 2016, Plaintiff Vincent Lomax filed a Complaint against the City of Pittsburg, Kansas, State District Court Judge A.J. Wachter, the Pittsburg, Kansas Police Department, and several unidentified Pittsburg Police Officers and a state district court judge. He alleges in this case that he and his wife were forcibly evicted from the residence they owned in Pittsburg, Kansas on October 10, 2014, which deprived them of access to their residence and to their personal property located in the residence. Plaintiff asserts an action under 42 U.S.C. § 1983 for Defendants' alleged violation of his rights under the Fourth, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution. This matter is before the Court pursuant to United States Magistrate Judge Teresa J. James's Order to Show Cause filed on November 21, 2016 (Doc. 6). The Order to Show Cause explained that the Complaint fails to provide a short and plain statement of Plaintiff's claim showing that he is entitled to relief because it contained no factual allegations that would support any legally cognizable claim for relief. Judge James also identified that the statute of limitations barred Plaintiff's claims. Plaintiff was ordered to show good cause in writing by December 15, 2016 why this case should not be dismissed for failure to file his Complaint within the statute of limitations, or for failure to state a claim upon which relief may be granted. The Court mailed the Order to Show Cause to

1

Plaintiff via certified mail, and the certified mail receipt was returned as delivered on November 29, 2016 (Doc. 7).  Plaintiff has not responded to this Order, and the time to do so has passed.

The Court agrees with Judge James that the Complaint is properly dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 8(a)(2) requires that a pleading state "a short and plain statement of the claim showing that the pleader is entitled to relief."  Under the "plausibility" standard that guides this Court, a complaint must contain sufficient factual allegations to give fair notice to the defendant of the grounds of the claim against them.[1]  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[2]  Because Plaintiff appears *pro se*, his pleadings are liberally construed.[3]  As Judge James notes in the Order to Show Cause, Plaintiff has not met his burden of alleging sufficient facts on which a claim could be based.  Beyond the statement that Plaintiff and his spouse were forcibly evicted, there are no factual allegations provided in the Complaint.  Without any further factual allegations, this is merely speculative and does not provide Defendants fair notice of the grounds on which the claims rest.[4]

The Court also agrees with Judge James that the Complaint is properly dismissed as being time barred under the statute of limitations.  "Limitations periods in [42 U.S.C.] § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules . . . ."[5]  Here, the relevant statute of limitations is two years.[6]  The event

---

[1]*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[2]*Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)).

[3]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] The Court agrees with Judge James that many of the individual Defendants may not be amenable to suit under theories like judicial immunity and an entity not capable of suit.  Doc. 6 at 3 n.10.

[5]*Hardin v. Straub*, 490 U.S. 536, 539 (1989) (quotations omitted); *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632–33 (10th Cir. 1993) ("The length of the statute of limitations period and related questions of

leading to the claims in this case was the eviction on October 10, 2014. The Complaint was filed on October 28, 2016. Therefore, the Complaint was filed after the running of the statute of limitations on October 10, 2016.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Complaint is **dismissed without prejudice**. Therefore, Plaintiff's Motion to Appoint Counsel (Doc. 4) and Motion for Enlargement of Time (Doc. 5) are **moot**.

**IT IS SO ORDERED.**

Dated: January 6, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

tolling and application are governed by state law, unless the tolling rules are inconsistent with federal law or with the policy which the federal law seeks to implement." (citations omitted)).

[6] K.S.A. § 60-513(a)(4).

3